

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. L. Edwards
County Attorney
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-4096

Re: Should the county clerk accept the described brand to be used either alone or with a bar above, below, to the left or to the right?

This is in reply to your letter of October 6, 1941, which we quote:

"The recent Legislature passed Senate Bill No. 429, appearing on Page 1407 of the Laws of the Regular Session, requiring each owner of live stock in Victoria County to re-record his mark and brand with the County Clerk within six months from the effective date of the Act. It is identical in terms with the similar laws passed in recent years with respect to other counties, i.e. Articles 6899a, b, c, d and e.

"For the last several years there has been of record in Victoria County, in the name of T. J. O'Connor, a brand of this description -

⊔⊥

"The above brand has been tendered to the County Clerk of Victoria County for re-recording under the new law, with substantially the following notation:

" 'The above brand is to be used either alone, or with a bar above, below, to the left, or to the right.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The County Clerk refuses to record the brand so tendered in this wise, taking the position that the notation with respect to the use of the bar constitutes an effort to record in the name of one person five separate and distinct brands, and that the use by one person of more than one brand is prohibited under Article 6890, R. S. 1925.

"For your information, I may add that the brand has heretofore been carried in the name of Mr. O'Connor on the Brand Records sketched five different ways, as follows:

so as to indicate the intended use of the bar. The brand has been carried by Mr. O'Connor in this wise in this and adjoining counties in order to prevent any one bent on cattle theft from making a very simple alteration with a bar. He suffered a loss by theft several years ago in such manner, a bar being placed on one side of the main brand by the thief.

"As you can readily imagine, there is no case law on the subject, Article 6890, in the regard above mentioned, never having been construed by the courts. I have advised the County Clerk that the proper procedure is for him to accept the brand and place the same of record as tendered with the notation with respect to the intended use of the bar therewith. Will you kindly give us the benefit of your best judgment as to whether or not he is correct in declining to record the brand as tendered."

Upon a careful consideration of Mr. O'Connor's "main brand" and the four variations thereof, as submitted by you, we are forced to the conclusion that they constitute five different brands, each separate and distinct from all the other four. A "brand," as used in the stock-protection statutes, is a distinctive figure or device placed upon an animal by burning with a hot iron, or other artificial means. Pollock vs. Kansas City (Kansas), 123 P. 985; Churchill vs. Georgia Rr. & Banking Co. (Ga.), 33 S. E. 972. That each of the variations of this brand is a distinctive device in itself seems to be proved by the fact

that Mr. O'Connor has already lost a cow by reason of the change described by you. Nor would the fact that the difference between the five brands is pointed out merely by a note under the record of the "main brand" make the proposed recording any less one of five different brands.

Senate Bill No. 429, 47th Legislature, Regular Session, to which you refer, provides as follows:

"This Act shall apply to Victoria County only. In said County each owner of any livestock mentioned in Chapter 1 of Title 121, of the Revised Civil Statutes of Texas, of 1925, shall within six (6) months after this Act takes effect, have his mark and brand for such stock recorded in the office of the County Clerk of said County. Such owners shall so record such marks and brands whether the same have been heretofore recorded or not. The owner shall have the right to have his mark and brand recorded in his name who, according to the present records of said County, first recorded the same in the County; or in event it can not be ascertained from the records who first recorded same in the County, then the person who has been using such mark and brand the longest shall have the right to have the same recorded in his name. After the expiration of six (6) months only the records made after this Act takes effect shall be examined or considered in recording marks and brands in said County. Immediately upon the taking effect of this Act, the County Clerk of said County shall have this Act published in some newspaper of general circulation in the county for a period of thirty (30) days, which publication shall be paid for by the County out of the General County Fund."

Article 6890, Revised Civil Statutes, 1925, is as follows:

"Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many

counties as he deems necessary."

The use of more than one brand in originally branding cattle is prohibited by Article 1484, Penal Code of 1925:

"Whoever in originally branding or mark-
ing cattle uses more than one mark or brand
shall be fined not less than twenty-five nor
more than one hundred dollars for each animal
so branded or marked."

The Texas courts have held that an owner of livestock may for good cause, change his brand. McClure vs. Sheek's Heirs, 4 S. W. 552; Dugat vs. State, 148 S. W. 789. Yet we believe that the above statutes clearly prohibit the recording and use of more than one brand in the same county at the same time.

It is therefore our opinion that the county clerk was correct in refusing to record the brand in the manner requested by Mr. O'Connor.

We call to your attention the fact that said Senate Bill No. 429 is a local law (being applicable to Victoria County only) regulating brands, and is therefore governed by the provisions of Article 16, Section 23, Constitution of Texas, which is as follows:

"The Legislature may pass laws for the
regulation of live stock and the protection of
stock raisers in the stock raising portion of
the State, and exempt from the operation of
such laws other portions, sections, or counties;
and shall have power to pass general and special
laws for the inspection of cattle, stock and
hides and for the regulation of brands; provided,
that any local law thus passed shall be submitted
to the freeholders of the section to be affected
thereby, and approved by them, before it shall go
into effect."

This Act does not provide for its submission to the freeholders of Victoria County for their approval; in fact, it attempts to over-ride the above constitutional provision, and attempts to make the law effective from and after its passage without being first rati-fied by the freeholders of Victoria County. We are therefore of the opinion that said Senate Bill No. 429 is unconstitutional and

Honorable W. L. Edwards, Page 5


therefore void. See Armstrong vs. Traylor, 30 S. W. 440; State vs. Castleberry, 252 S. W. 221.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 8, 1941

ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:RS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN